# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MATTHEW M. JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 08-CR-9199   R. Lee Moore, Jr., Judge**

---

**No. W2008-02338-CCA-R3-HC   -   Filed May 28, 2009**

---

The Petitioner, Matthew M. Jackson, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Matthew M. Jackson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 20, 2001, the Petitioner, Matthew Melton Jackson, entered guilty pleas in the Robertson County Circuit Court to two counts of aggravated rape, one count of aggravated kidnapping, one count of aggravated robbery, and one count of theft of property over $500. For these offenses, the trial court imposed an effective sentence of twenty-five years to be served at one hundred percent. The Petitioner's convictions and sentences were affirmed on appeal. See State v. Matthew Melton Jackson, No. M2001-01999-CCA-R3-CD, 2003 WL 288432, *1 (Tenn. Crim. App., at Nashville, Feb. 7, 2003). The Petitioner later unsuccessfully sought post-conviction relief.

1

The denial of relief was affirmed by this Court. See Matthew Melton Jackson v. State, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242, *1 (Tenn. Crim. App., at Nashville, May 18, 2005), perm. to appeal denied, (Tenn. Oct. 31, 2005). On August 10, 2001, the Petitioner entered guilty pleas in the Sumner County Criminal Court to four counts of aggravated robbery. For these convictions, the trial court imposed four concurrent ten-year sentences. A direct appeal to this Court was dismissed. See Matthew M. Jackson v. State, No. M2003-02057-CCA-R3-CO, 2004 WL 2266800, *1 (Tenn. Crim. App., at Nashville, Oct. 7, 2004), perm. to appeal denied, (Tenn. Feb. 28, 2005).

On September 26, 2008, the Petitioner, who is confined at Northwest Correctional Complex in Lake County, filed a petition for the issuance of the writ of habeas corpus from his sentences resulting from his Sumner County convictions. As grounds for relief, the Petitioner asserted that he was being illegally restrained of his liberty by virtue of a void and/or expired sentence. Specifically, he asserted that his sentences were imposed in violation of Blakey v. Washington and Cunningham v. California. The Petitioner further alleged that trial counsel's failure to advise him of a double jeopardy defense prior to the entry of a guilty plea constituted ineffective assistance of counsel. On this same date, the Petitioner filed a second petition for habeas corpus relief. This time his challenge was to the judgments in his Robertson County convictions. As in the petition attacking his Sumner County convictions, the Petitioner again asserted that his sentences were imposed in violation of Blakely v. Washington and Cunningham v. California.

By order entered October 10, 2008, the lower court denied relief. Regarding the Petitioner's challenges under Blakely v. Washington and Cunningham v. California, the trial court concluded that this Court has "previously and consistently held that even if petitioner's claim that a sentence was enhanced in violation of his right to a jury trial was true, such defect would render the judgment voidable and not void." The lower court added that Blakely issues are not subject to retroactive application and concluded that the Petitioner had failed to state a cognizable claim for habeas corpus relief. The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it

is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that the Petitioner's claims are not cognizable in a habeas corpus proceeding. The State further asserts that, contrary to the Petitioner's argument on appeal, he was not entitled to the appointment of counsel prior to summary dismissal by the trial court. The State's position is well taken.

In Blakely v. Washington, the Supreme Court held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004). This Court has previously held that neither Blakely v. Washington, nor Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007),are to be applied retroactively. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC (Tenn. Crim. App., at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); see also Timothy Bowles v. State, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 1, 2007). Additionally, even if the decisions in Blakely and Cunningham could be applied retroactively, the judgment would be rendered voidable, not void. As a result, the Petitioner's claim is not cognizable in a Tennessee habeas corpus proceeding. See Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, 2008 WL 2687698, *2 (Tenn. Crim. App., at Jackson, Jul. 2, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Apr. 7, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App., at Jackson, Mar. 27, 2008). Additionally, regarding the Petitioner's additional challenge to his Sumner County convictions, the Petitioner's claim that trial counsel was ineffective would merely render the convictions voidable, not void. Accordingly, this claim is similarly not cognizable in a habeas corpus proceeding. Passarella, 891 S.W.2d at 627.

We also acknowledge that the Petitioner failed to attach copies of the challenged prior judgments to his petition. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007) (citations omitted). Without the judgments, this Court cannot determine whether the Petitioner's sentences have expired. The Petitioner's failure to attach copies of the judgments is reason alone for the habeas court to summarily dismiss the petition. See Faulkner v. State, 226 S .W.3d 358, 365 (Tenn. 2007). Further, when pertinent documents are not made part of the record, the trial court may properly choose to dismiss the petition without appointment of counsel and without a hearing. Summers, 212 S.W.3d at 261. Likewise, when there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void, the lower court may summarily dismiss the petition without the appointment of counsel. Passarella, 891 S.W.2d at 627. Accordingly, the trial court did not err by failing to appoint counsel to the Petitioner.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

 

 

 

_____

**JOHN EVERETT WILLIAMS, JUDGE**